IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSS REDDICK,

Plaintiff,

v.

GLOBAL CONTACT SOLUTIONS, LLC,

Defendant.

3:15-CV-425-PK

OPINION AND ORDER AND ORDER TO SHOW CAUSE

PAPAK, Magistrate Judge:

Plaintiff Ross Reddick filed this putative class action against defendant Global Contact Solutions, LLC ("GCS"), in the Multnomah County Circuit Court on behalf of himself and all others similarly situated on January 29, 2015. By and through his state-court complaint, Reddick alleged GCS' liability under Oregon statutory law for failure to pay wages and for failure to pay all wages due and owing at the termination of employment, both such failures arising out of GCS' alleged practice of requiring all of its employees to attend mandatory training at the beginning of

their employment, without compensation. GCS removed Reddick's action to this court effective March 13, 2015, on the purported basis of original federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Reddick moved for remand of this action to the Multnomah County Court on April 15, 2015, and oral argument was held in connection with Reddick's motion on May 26, 2015.

It is well established that a defendant may remove to federal court any civil action filed in state court that could have been filed originally in federal court. *See* 28 U.S.C. § 1441. The plaintiff in such an action may thereafter seek to have the removed case remanded to state court if the district court lacks subject-matter jurisdiction over the action notwithstanding its removal, or if there was any defect in the defendant's fulfillment of the procedural requirements attending removal. *See* 28 U.S.C. § 1447(c). The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also, e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction") (citations omitted).

If at any time prior to final judgment it appears that a federal court lacks subject-matter jurisdiction over a removed case, the court must remand the action to state court. *See* 28 U.S.C. § 1447(c). Cases first filed in state court and then removed to federal court are generally subject to a "strong presumption" against finding removal jurisdiction. *See Gaus*, 980 F.2d at 566; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-292 (1938). However, in the context of purported federal subject-matter jurisdiction arising under CAFA, "no antiremoval presumption" applies, because CAFA was enacted specifically "to facilitate adjudication of certain class actions in federal court," specifically large class actions that are essentially interstate

or multi-state in character. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

The burden of establishing federal subject-matter jurisdiction for purposes of removal is on the party seeking removal, *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006), and factual questions regarding the basis for removal are generally to be resolved in favor of remanding the case to state court, *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Where federal subject-matter jurisdiction purportedly arises under CAFA and the elements of such jurisdiction cannot be established on the sole basis of the allegations of the plaintiff's complaint, the burden of the defendant seeking removal or resisting a challenge to removal is to establish "by a preponderance of the evidence" that the elements not established on the face of the pleading are present. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). Once jurisdiction under CAFA is established by a preponderance of the evidence, it becomes the burden of the party challenging federal subject-matter jurisdiction to establish the applicability of any statutory exception to CAFA jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

In considering a post-removal challenge to federal subject-matter jurisdiction, the court assumes the truth of the allegations in the complaint and that a jury will ultimately return a verdict in the plaintiff's favor on all claims alleged therein. *See, e.g.*, *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In addition, the court may consider the contents of the defendant's removal petition, relevant "summary-judgement-

type evidence" proffered at the time of removal, and supplemental evidence proffered at the time federal subject-matter jurisdiction is challenged. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002). It is well established that "[c]onclusory allegations" or allegations based on "information and belief" are insufficient to satisfy the defendant's burden. *Matheson*, 319 F.3d at 1090-1091; *Valdez*, 372 at 1117. If, after consideration of all material allegations and evidence, "doubt regarding the right to removal exists, [the] case should be remanded to state court." *Matheson*, 319 F.3d at 1090. Here, Reddick challenges both whether federal subject-matter jurisdiction over his action arises under CAFA in the first instance and whether his action is within the scope of either of two statutory mandatory abstention rules, pursuant to which the federal courts are required to decline to exercise jurisdiction over controversies essentially intrastate in character.

Under CAFA, the federal district courts have original jurisdiction over any class action in which: (1) the amount in controversy exceeds five million dollars exclusive of interest and costs, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class or classes at issue is at least 100. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-1021, 1021 n. 3, 1021 n. 4 (9th Cir. 2007) (citations omitted).

However, the district courts are required to decline to exercise jurisdiction under Section 1332(d)(2) under both the "local controversy" abstention rule codified at 28 U.S.C. § 1332(d)(4)(A) and the "home-state controversy" abstention rule codified at 28 U.S.C. § 1332(d)(4)(B). The "local controversy" abstention rule requires the federal courts to decline to

exercise CAFA jurisdiction over any class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> >
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> >
> > (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons

28 U.S.C. § 1332(d)(4)(A). The "home-state controversy" abstention rule similarly requires the federal courts to decline to exercise CAFA jurisdiction over any class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The Ninth Circuit treats these provisions as setting forth "exceptions to jurisdiction" under CAFA. *Serrano*, 478 F.3d at 1023.

In addition, CAFA expressly provides that, under certain circumstances, the courts are permitted in their discretion to decline to exercise jurisdiction under Section 1332(d)(2). Such discretion to decline to exercise federal subject-matter jurisdiction is available where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the

aggregate and the primary defendants are citizens of the State in which the action was originally filed," 28 U.S.C. § 1332(d)(3), and is to be based on consideration of:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

*Id.*

Assuming *arguendo* that GCS has been or will be successful in establishing the four elements of federal subject-matter jurisdiction under CAFA, the court will be called upon to determine whether Reddick's action falls within the scope of either of the two mandatory abstention rules set forth at Sections 1332(d)(4)(A) and 1332(d)(4)(B) or the discretionary abstention rule set forth at Section 1332(d)(3). All three provisions require the court to make a finding of fact regarding the proportion of putative class members that were citizens of Oregon as

of March 13, 2015, the date GCS removed Reddick's action to this court.[1]

The only evidence of record bearing even marginally on this question is the declaration testimony of John Kania, proffered by GCS, that "there is at least one member of th[e] putative class [as defined by Reddick] who is a citizen of a State other than Oregon," and that "GCS has two office locations, which are 13-15 miles, respectively [*sic*], from the Washington/Oregon border." Declaration of John Kania, ¶¶ 5-6. In addition, this court may properly take judicial notice, pursuant to Fed. R. Evid. 201, that as of the date the data underlying the 2010 U.S. Census were collected, approximately 80% of the population of the so-called Portland-Vancouver-Hillsboro, OR-WA Metropolitan Statistical Area (in which region it is likely, but not established by evidence, that all or nearly all class members resided during the time of their employment by GCS) were residents of Oregon. It is reasonable to conclude from such evidence that it is empirically unlikely that in excess of one third of all class members were, as of March 13, 2015, residents of states other than Oregon, but it is not reasonable to conclude that that fact has been established to any degree of certainty.

In light of the Ninth Circuit's recent holding that "there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception," *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013), it would be improvident for this court to base analysis of the applicability of the statutory abstention rules discussed above on the sole basis of

[1] It is undisputed that GCS, the sole defendant herein, is an Oregon company with its principal place of business in Oregon, and similarly undisputed that the injuries allegedly flowing from GCS' complained-of conduct were incurred in Oregon, where GCS does business. Reddick offers his counsel's unsupported assertion that no class action based on facts similar to those underlying this action has been filed against GCS in the past three years.

judicially noticed evidence whose materiality is even partly conjectural. However, because the judicially noticed evidence discussed above is sufficient to create significant doubt as to whether this court could properly exercise subject-matter jurisdiction over Reddick's claims, and because of the importance of avoiding federal disposition of any claim not subject to federal jurisdiction, the parties are hereby ordered to show cause, within 45 days of the date hereof, why this action is not subject to mandatory remand under 28 U.S.C. § 1332(d)(4) or to discretionary remand under 28 U.S.C. § 1332(d)(3). For the same reasons, all other further proceedings in this action are stayed pending GCS' response to this court's order to show cause, other than discovery calculated to lead to the production of admissible evidence regarding the place of citizenship of the members of Reddick's proposed class of plaintiffs as of the date this action was removed.[2]

**CONCLUSION**

For the reasons set forth above, the parties are ordered to show cause, within 45 days of the date hereof, why this action should not be remanded to state court pursuant to 28 U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4), and all other further proceedings in this action are stayed other than discovery tailored as discussed above to the limited purpose of uncovering evidence

///

///

///

///

---

[2] Discussion in *Mondragon*, *supra*, establishes that evidence of the putative class members' domicile or residence, whether as of or prior to the date of removal, while not dispositive of the citizenship question, is nevertheless material to determination of the putative class members' citizenship at the material time. *See Mondragon*, 736 F.3d at 885-886.

sufficient to permit a finding of fact as to the proportion of Reddick's proposed class of plaintiffs that were residents of states other than Oregon as of March 13, 2015.

Dated this 1st day of June, 2015.

Honorable Paul Papak
United States Magistrate Judge