IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSS REDDICK,

    Plaintiff,

v.

GLOBAL CONTACT SOLUTIONS, LLC,

    Defendant.

3:15-CV-425-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Ross Reddick filed this putative class action against defendant Global Contact Solutions, LLC ("GCS"), in the Multnomah County Circuit Court on behalf of himself and all others similarly situated on January 29, 2015. By and through his state-court complaint, Reddick alleged GCS' liability under Oregon statutory law for failure to pay wages and for failure to pay all wages due and owing at the termination of employment, both such failures arising out of GCS' alleged practice of requiring all of its employees to attend mandatory training at the beginning of

Page 1 - OPINION AND ORDER

their employment, without compensation. GCS removed Reddick's action to this court effective March 13, 2015, on the purported basis of original federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Reddick moved for remand of this action to the Multnomah County Court on April 15, 2015, and oral argument was held in connection with Reddick's motion on May 26, 2015.

Following oral argument in connection with Reddick's motion, on June 1, 2015, I issued an Opinion and Order and Order (#17) to Show Cause directing both Reddick and GCS to show cause within 45 days why Reddick's action should not be remanded to state court for lack of federal subject-matter jurisdiction. By and through that order, I noted that, on the *arguendo* assumption that GCS had been or would be successful in establishing the four elements of federal subject-matter jurisdiction under CAFA – namely, that (1) the amount in controversy exceeds five million dollars exclusive of interest and costs, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class or classes at issue is at least 100, *see* 28 U.S.C. §§ 1332(d)(2), (d)(5); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-1021, 1021 n. 3, 1021 n. 4 (9th Cir. 2007) (citations omitted) – such evidence of record as was material to the question and such material data as was fit for judicial notice nevertheless suggested the empirical likelihood, but fell short of establishing, that this court could be obliged to refrain from the exercise of jurisdiction under CAFA pursuant to one or both of two

mandatory abstention rules codified at 28 U.S.C. §§ 1332(d)(4)(A) and 1332(d)(4)(B)[1] (or, alternatively, that this court could enjoy discretion to refrain from the exercise of CAFA jurisdiction pursuant to the discretionary abstention rule codified at 28 U.S.C. § 1332(d)(3)[2]). In

---

[1] The "local controversy" exception codified at 28 U.S.C. § 1332(d)(4)(A) requires federal courts to decline to exercise CAFA jurisdiction over:

    (i)    . . . a[ny] class action in which–

        (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        (II)    at least 1 defendant is a defendant—

            (aa)    from whom significant relief is sought by members of the plaintiff class;

            (bb)    whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

            (cc)    who is a citizen of the State in which the action was originally filed; and

        (III)    principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. . . .

28 U.S.C. § 1332(d)(4)(A). The "home-state controversy" exception codified at 28 U.S.C. § 1332(d)(4)(B) similarly requires the federal courts to decline to exercise CAFA jurisdiction over any class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The Ninth Circuit treats these provisions as setting forth "exceptions to jurisdiction" under CAFA. *Serrano*, 478 F.3d at 1023.

[2] Pursuant to 28 U.S.C. § 1332(d)(3), the courts may, in their discretion, decline to exercise CAFA jurisdiction where "greater than one-third but less than two-thirds of the

Page 3 - OPINION AND ORDER

consequence, and because of the importance of avoiding federal disposition of any claim not subject to federal jurisdiction, I directed both parties to submit evidence or argument material to the applicability or non-applicability of those abstention rules (chiefly, evidence or argument relevant to the determination of the state of citizenship of the putative class members as of the date this action was removed to federal court). In addition, I stayed further proceedings in this action other than discovery calculated to lead to the production of admissible evidence regarding the place of citizenship of the members of Reddick's proposed class of plaintiffs as of the date this action was removed, pending this court's determination regarding its subject-matter jurisdiction to consider Reddick's claims.

On July 16, 2015, both GCS and Reddick responded to the Order to Show Cause. GCS responded by reiterating its previously proffered argument that Reddick has failed to meet his burden in connection with his motion for remand to establish that this court lacks subject-matter jurisdiction over his claims, while Reddick responded by asserting that this court should remand his action because GCS' response to the Order to Show Cause was inadequate, and in the alternative by requesting a seven-day extension of time to supplement his response, in order to permit review of approximately 11,000 pages of documents produced to him by GCS bearing on the citizenship of the members of the proposed class.

As to GCS' response, I agree with Reddick as to its inadequacy to establish that this court may properly exercise subject-matter jurisdiction over this action. If at any time prior to final judgment it appears that a federal court lacks subject-matter jurisdiction over a removed case, the

---

members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).

court *must* remand the action to state court. *See* 28 U.S.C. § 1447(c). The question of who bears the burden of persuasion under CAFA in connection with a motion to remand is immaterial to this court's *sua sponte* determination of whether it may properly exercise federal subject-matter jurisdiction. In consequence, GCS' response provides no grounds for disregarding the empirical likelihood that one or both of the mandatory abstention rules discussed above is applicable to prohibit such exercise.

Nevertheless, because (as stated in the Order to Show Cause of June 1, 2015) it would be improvident for this court to determine the applicability of the statutory abstention rules on the sole basis of the evidence referenced above, this court's determination regarding its jurisdiction to hear Reddick's claims should be based on the fullest evidentiary record that may be arranged without undue burden. Reddick's request for extension of time is therefore granted. Reddick is directed to supplement his response with evidence and argument regarding the place of citizenship of the members of his proposed class of plaintiffs as of the date this action was removed, by not later than midnight on Tuesday, July 28, 2015. GCS may, in its discretion, likewise supplement its response to the Order to Show Cause by not later than midnight on July 28, 2015, with argument or evidence bearing on this court's *sua sponte* determination of whether it may properly exercise federal subject-matter jurisdiction over Reddick's claims notwithstanding the mandatory abstention rules codified at Sections 1332(d)(4)(A) and 1332(d)(4)(B) or the discretionary abstention rule codified at Section 1332(d)(3).

## CONCLUSION

For the reasons set forth above, Reddick is directed to supplement his response to this court's Order (#17) to Show Cause dated June 1, 2015, and GCS may optionally supplement its

response to that same Order as discussed above by not later than midnight on Tuesday, July 28, 2015.

Dated this 21st day of July, 2015.

/s/ Paul Papak

Honorable Paul Papak
United States Magistrate Judge