IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSS REDDICK,

      Plaintiff,

                                3:15-CV-425-PK

                                FINDINGS AND
v.                               RECOMMENDATION

GLOBAL CONTACT SOLUTIONS, LLC,

      Defendant.

---

PAPAK, Magistrate Judge:

      Plaintiff Ross Reddick filed this putative class action against defendant Global Contact

Solutions, LLC ("GCS"), in the Multnomah County Circuit Court on behalf of himself and all

others similarly situated on January 29, 2015. By and through his state-court complaint, Reddick

alleged GCS' liability under Oregon statutory law for failure to pay wages and for failure to pay

all wages due and owing at the termination of employment, both such failures arising out of GCS'

alleged practice of requiring all of its employees to attend mandatory training at the beginning of

Page 1 - FINDINGS AND RECOMMENDATION

their employment, without compensation. GCS removed Reddick's action to this court effective

March 13, 2015, on the purported basis of original federal jurisdiction under the Class Action

Fairness Act of 2005 ("CAFA"). Reddick moved for remand of this action to the Multnomah

County Court on April 15, 2015, and oral argument was held in connection with Reddick's

motion on May 26, 2015.

Following oral argument in connection with Reddick's motion, on June 1, 2015, I issued

an Opinion and Order and Order (#17) to Show Cause directing both Reddick and GCS to show

cause within 45 days why Reddick's action should not be remanded to state court for lack of

federal subject-matter jurisdiction. By and through that order, I noted that, on the *arguendo*

assumption that GCS had been or would be successful in establishing the four elements of

federal subject-matter jurisdiction under CAFA – namely, that (1) the amount in controversy

exceeds five million dollars exclusive of interest and costs, (2) any plaintiff class member is a

citizen of a state different from any defendant, (3) the primary defendants are not states, state

officials, or other government entities against whom the district court may be foreclosed from

ordering relief, and (4) the number of plaintiffs in the class or classes at issue is at least 100, *see*

28 U.S.C. §§ 1332(d)(2), (d)(5); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

1020-1021, 1021 n. 3, 1021 n. 4 (9th Cir. 2007) (citations omitted) – such evidence of record as

was material to the question and such material data as was fit for judicial notice nevertheless

suggested the empirical likelihood, but fell short of establishing, that this court could be obliged

to refrain from the exercise of jurisdiction under CAFA pursuant to one or both of two

mandatory abstention rules codified at 28 U.S.C. §§ 1332(d)(4)(A) and 1332(d)(4)(B) (or,

alternatively, that this court could enjoy discretion to refrain from the exercise of CAFA

Page 2 - FINDINGS AND RECOMMENDATION

jurisdiction pursuant to the discretionary abstention rule codified at 28 U.S.C. § 1332(d)(3)).

The "local controversy" exception codified at 28 U.S.C. § 1332(d)(4)(A) requires federal

courts to decline to exercise CAFA jurisdiction over:

> (i)     . . . a[ny] class action in which–
>
>> (I)     greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II)     at least 1 defendant is a defendant—
>>
>>> (aa)     from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb)     whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc)     who is a citizen of the State in which the action was originally filed; and
>>
>> (III)     principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii)     during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. . . .

28 U.S.C. § 1332(d)(4)(A). The "home-state controversy" exception codified at 28 U.S.C. §

1332(d)(4)(B) similarly requires the federal courts to decline to exercise CAFA jurisdiction over

any class action in which "two-thirds or more of the members of all proposed plaintiff classes in

the aggregate, and the primary defendants, are citizens of the State in which the action was

originally filed." 28 U.S.C. § 1332(d)(4)(B). The Ninth Circuit treats these provisions as setting

forth "exceptions to jurisdiction" under CAFA. *Serrano*, 478 F.3d at 1023.

In consequence, and because of the importance of avoiding federal disposition of any

Page 3 - FINDINGS AND RECOMMENDATION

claim not subject to federal jurisdiction, I directed both parties to submit evidence or argument material to the applicability or non-applicability of those abstention rules (chiefly, evidence or argument relevant to the determination of the state of citizenship of the putative class members as of the date this action was removed to federal court). In addition, I stayed further proceedings in this action other than discovery calculated to lead to the production of admissible evidence regarding the place of citizenship of the members of Reddick's proposed class of plaintiffs as of the date this action was removed, pending this court's determination regarding its subject-matter jurisdiction to consider Reddick's claims.

On July 16, 2015, both GCS and Reddick responded to the Order to Show Cause. GCS responded by reiterating its previously proffered argument that Reddick has failed to meet his burden in connection with his motion for remand to establish that this court lacks subject-matter jurisdiction over his claims, while Reddick responded by asserting that this court should remand his action because GCS' response to the Order to Show Cause was inadequate, and in the alternative by requesting a seven-day extension of time to supplement his response, in order to permit review of approximately 11,000 pages of documents produced to him by GCS bearing on the citizenship of the members of the proposed class.

On July 21, 2015, I granted Reddick's request for a seven-day extension of time, directing him to supplement his response with evidence and argument regarding the place of citizenship of the members of his proposed class of plaintiffs as of the date this action was removed, by not later than midnight on Tuesday, July 28, 2015. In addition, I noted as follows:

> As to GCS' response, I agree with Reddick as to its inadequacy to establish that this court may properly exercise subject-matter jurisdiction over this action. If at any time prior to final judgment it appears that a federal court lacks subject-matter jurisdiction over a removed case, the court *must* remand the action to state court.

Page 4 - FINDINGS AND RECOMMENDATION

*See* 28 U.S.C. § 1447(c). The question of who bears the burden of persuasion under CAFA in connection with a motion to remand is immaterial to this court's *sua sponte* determination of whether it may properly exercise federal subject-matter jurisdiction. In consequence, GCS' response provides no grounds for disregarding the empirical likelihood that one or both of the mandatory abstention rules discussed above is applicable to prohibit such exercise.

In consequence, I granted GCS an opportunity to supplement its own response to the Order to Show Cause of June 1, 2015, likewise by not later than midnight on July 28, 2015, "with argument or evidence bearing on this court's *sua sponte* determination of whether it may properly exercise federal subject-matter jurisdiction over Reddick's claims notwithstanding the mandatory abstention rules codified at Sections 1332(d)(4)(A) and 1332(d)(4)(B) or the discretionary abstention rule codified at Section 1332(d)(3)."

On July 28, 2015, both parties supplemented their prior responses. Reddick provides evidence that approximately 97.5% of the absent members of the putative class Reddick purports to represent had Oregon addresses as of the date their addresses were last known to GCS. While such evidence is insufficient to establish with certainty that a like percentage of absent putative class members were citizens of Oregon as of March 13, 2015, the date this action was removed, evidence of the putative class members' residence prior to the date of removal is nevertheless material to the relevant determination of the putative class members' citizenship at the time of removal. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-886 (9th Cir. 2013).

GCS provides no evidence to the contrary. Instead, GCS proffers largely inapposite evidence regarding the financial hardships it is experiencing, its efforts to cure the violations it is alleged to have committed, its efforts to hire employees who would otherwise have experienced difficulty in finding work, and, finally, its lack of resources sufficient to permit it to contact all absent putative class members to determine their place of citizenship as of March 13, 2015.

Page 5 - FINDINGS AND RECOMMENDATION

In the absence of evidence to rebut Reddick's proffered evidence or to suggest that any significant proportion of the absent putative class members had citizenship other than Oregon citizenship as of March 13, 2015, I find on the basis of Reddick's proffered evidence that in excess of two-thirds of the absent putative class members were citizens of Oregon as of the date this action was removed to federal court. Moreover, it is undisputed that GCS is an Oregon limited liability company doing business in Oregon, and that the non-payment of wages forming the basis for Reddick's claims took place in Oregon, where all putative class members were at all material times employed. Finally, I note that Reddick has asserted, without any apparent underlying evidentiary basis, that no class action similar to the current putative class action has been filed against GCS in the last three years; GCS offers no evidence to the contrary of Reddick's assertion. On the basis of these findings, it is clear that (assuming *arguendo* that GCS has established or could establish a *prima facie* case for original jurisdiction under CAFA) this court is required to decline to exercise CAFA jurisdiction over Reddick's claims pursuant to the "home-state controversy" abstention rule codified at 28 U.S.C. § 1332(d)(4)(B) (and would likely be similarly barred from exercising CAFA jurisdiction pursuant to the "local controversy" abstention rule codified at 28 U.S.C. § 1332(d)(4)(A)).

For the foregoing reasons, this court may properly either dismiss Reddick's claims *sua sponte* without prejudice for lack of subject-matter jurisdiction and deny Reddick's motion for remand as moot or, alternatively, construe Reddick's evidentiary proffer in response to this court's Order to Show Cause as sufficient to satisfy Reddick's burden to establish the applicability of one or more of the CAFA abstention rules and on that basis grant Reddick's motion for remand. In the interests of justice and judicial efficiency, I recommend the latter

Page 6 - FINDINGS AND RECOMMENDATION

approach: that the court grant Reddick's motion (#7) for remand and remand this action to state court where it may proceed without further delay.

## CONCLUSION

For the reasons set forth above, Reddick's motion (#7) for remand should be granted, and this action should be remanded to the Multnomah County Circuit Court where it was originally filed.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of July, 2015.

Honorable Paul Papak
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION